# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DERRICK COBB, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-61-SNLJ |
| TRACY MADLOCK, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon two motions filed by plaintiff Derrick Cobb. For the reasons explained below, plaintiff's motion for leave to file an amended complaint will be denied as moot, the Clerk will be directed to docket plaintiff's amended complaint and effect service of process upon it, and plaintiff's motion to compel will be denied.

Plaintiff is a prisoner who is proceeding pro se and in forma pauperis. He initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983 against four defendants, all of whom are employed by the Missouri Department of Corrections ("MDOC"): Tracy Madlock (a corrections officer and the mailroom supervisor), Donna Wigfall (Function Unit Manager), Omar Clark (Warden or Assistant Warden), and Cindy Griffith (Deputy Division Director of Adult Institutions). He sued the defendants in their official and individual capacities. On June 25, 2019 this Court entered an order dismissing Madlock from the action and dismissing plaintiff's claims against Wigfall, Clark and Griffith that were premised upon the denial of access to the courts, and directing the Clerk of Court to issue process upon plaintiff's due process claims against Wigfall, Clark and Griffith. To date, the Missouri Attorney General's Office has not advised whether it will

waive service of process with respect to any defendant, nor has any defendant answered or otherwise responded to the complaint.

In the instant motion, plaintiff notes the foregoing and avers he "does not contest this Court's ruling regarding Tracy Madlock and the denial of access to the court claim," but wishes to file an amended complaint to "come into compliance with this Court's Memorandum and Order." Attached to the motion is a proposed amended complaint in which plaintiff sets forth due process claims against Wigfall, Clark and Griffith.

The Federal Rules of Civil Procedure provide, in relevant part, that a party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). The original complaint is a pleading to which a responsive pleading is required. To date, no defendant has filed a responsive pleading. Plaintiff therefore does not require leave of court to file an amended complaint. The Court will therefore deny the motion as moot, and will review the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**The Amended Complaint**

Plaintiff filed the amended complaint against Wigfall, Clark and Griffith in their individual and official capacities. Condensed and summarized, plaintiff alleges his right to due process was violated when mail sent to him by the St. Louis City Circuit Court was rejected and he was not notified. As in the original complaint, plaintiff alleges that Wigfall, Clark and Griffith personally denied his IRR, Offender Grievance and Grievance Appeal on the basis that his mail was processed in accordance with prison policy, and that plaintiff had produced no evidence that staff acted outside the scope of that policy. He seeks declaratory, injunctive and monetary relief.

In *Procunier v. Martinez*, the Supreme Court held "[t]he interest of prisoners and their correspondents in uncensored communication by letter, grounded as it is in the First Amendment, is plainly a 'liberty' interest within the meaning of the Fourteenth Amendment even though qualified of necessity by the circumstance of imprisonment." 416 U.S. 396, 417 (1974), overruled on other grounds, *Thornburgh v. Abbott*, 490 U.S. 401 (1989). Therefore, "the decision to censor or withhold delivery of a particular letter must be accompanied by minimum procedural safeguards." *Id.* The Court approved a requirement that an inmate be notified of the rejection, and have a reasonable opportunity to protest the decision. *Id.*; *see also Bonner v. Outlaw*, 552 F.3d 673 (8th Cir. 2009) (citing *Procunier*, 416 U.S. 396).

Plaintiff cannot proceed against Wigfall, Clark and Griffith based solely upon their administrative or supervisory positions. However, plaintiff can be understood to allege that these defendants were personally involved in creating, applying and/or interpreting a policy that was unconstitutional and failed to adhere to the notice requirements of *Procunier*. *See Bonner*, 552 F.3d at 679 (rejecting warden's argument that he had no personal involvement in mailroom operations, noting that the plaintiff may be able to prove warden was personally involved in creating, applying or interpreting a policy that failed to adhere to the notice requirements of *Procunier*); *see also Solomon*, 795 F.3d at 787 (citation omitted) ("if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.")

Plaintiff's individual capacity claims against Wigfall, Clark and Griffith will be allowed to proceed. Additionally, to the extent plaintiff seeks to enjoin a prospective action that would violate federal law, his official-capacity claims against these defendants will be allowed to proceed. *See 281 Care Comm. v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011) (citing *Ex Parte Young*, 209 U.S.

3

123 (1908)). However, to the extent plaintiff seeks monetary or other relief against these defendants in their official capacities, such claims would be barred by the Eleventh Amendment. *See id.*

After filing the motion for leave to amend, plaintiff filed a motion to compel a response to his original complaint. This motion will be denied, as the filing of the amended complaint replaces the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to amend (ECF No. 17) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and file, from ECF No. 17, attachment 1, the Amended Complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the Amended Complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants Donna Wigfall, Omar Clark, and Cindy Griffith in their individual and official capacities.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (ECF No. 20) is **DENIED**.

Dated this 1st day of October, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE