UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

|  |  |
|---|---|
| DERRICK COBB, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-61-SNLJ ) |
| TRACY MADLOCK, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the Motion to Dismiss Plaintiff's Amended Complaint, filed by defendants Donna Wigfall, Omer Clark, and Cindy Griffith (collectively "defendants") (ECF No. 28). The motion is now fully briefed, and ready for disposition. For the reasons explained below, the Court will deny the motion, and direct the defendants to answer the amended complaint. Additionally, the Court will deny without prejudice plaintiff's Motion for Partial Summary Judgment (ECF No. 34), and his motion seeking the appointment of counsel (ECF No. 41).

### **Background**

The background of this case is fully set forth in the prior orders of this Court. However, following is a brief recitation. Plaintiff is an inmate in the custody of the Missouri Department of Corrections (MDOC). He is proceeding herein *pro se* and *in forma pauperis*. He initiated this action on March 29, 2019 against four defendants, all of whom are employed by the Missouri Department of Corrections ("MDOC"). He alleged the defendants violated his right to procedural due process when they failed to notify him that mail sent to him by the St. Louis City Circuit Court had been rejected. He also claimed the defendants denied him access to the courts. On

June 25, 2019, the Court entered an order dismissing one of the named defendants and dismissing plaintiff's claims that were premised upon the denial of access to the courts, and directed the defendants to respond to plaintiff's due process claim. Before the defendants had the opportunity to respond, however, plaintiff filed an amended complaint accompanied by a motion stating he was doing so to "come into compliance with this Court's Memorandum and Order." (ECF No. 17 at 2). In the amended complaint, plaintiff alleges as follows.

On June 20, 2018, plaintiff filed a motion for post-conviction relief in the St. Louis City Circuit Court. On or about August 12, 2018, after not receiving anything from the Circuit Court, plaintiff wrote to the court clerk and requested a copy of the docket sheet. On August 15, 2018, the court clerk sent plaintiff a copy of the docket sheet, which indicated that on July 9, 2018, mail the Circuit Court sent to plaintiff had been returned as "undeliverable." Plaintiff inquired of his case manager, who advised him that he had not received any "legal mail" during June of 2018. Later, however, plaintiff obtained a copy of the envelope in question, which showed that the prison's mailroom had received the letter, rejected it, and returned it to the Circuit Court. The reason for the rejection was not indicated on the envelope. Plaintiff grieved the lack of notice via the prison's grievance procedure, and the defendants denied relief on the basis that the mail was processed in accordance with prison policy. The Court determined that the amended complaint survived initial review, and directed the defendants to respond.

In response, defendants filed the instant motion to dismiss. Therein, they argue that the amended complaint fails to state a claim upon which relief may be granted. They also argue entitlement to qualified immunity, and they contend they are entitled to Eleventh Amendment immunity to the extent plaintiff seeks monetary or non-injunctive relief against them in their official capacities. For the reasons discussed below, defendants' motion will be denied.

## Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (*citing Twombly*, 550 U.S. at 555 & n.3). This obligation requires plaintiffs to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss, a court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable." *Id.* at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see also Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (*en banc*) (to survive a motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory.").

## Discussion

In *Procunier v. Martinez*, the Supreme Court held "[t]he interest of prisoners and their correspondents in uncensored communication by letter, grounded as it is in the First Amendment, is plainly a 'liberty' interest within the meaning of the Fourteenth Amendment even

3

though qualified of necessity by the circumstance of imprisonment." 416 U.S. 396, 417 (1974), overruled on other grounds, *Thornburgh v. Abbott*, 490 U.S. 401 (1989). Therefore, "the decision to censor or withhold delivery of a particular letter must be accompanied by minimum procedural safeguards." *Id.* The Court approved a requirement that an inmate be notified of the rejection, and have a reasonable opportunity to protest the decision. *Id.*; *see also Bonner v. Outlaw*, 552 F.3d 673 (8th Cir. 2009) (citing *Procunier*, 416 U.S. 396).

In *Bonner*, the Eighth Circuit addressed a situation in which prison officials rejected correspondence addressed to an inmate because it did not comply with prison regulations governing receipt of "packages." The Court determined that, to state a procedural due process violation, a plaintiff must demonstrate the deprivation of a protected liberty or property interest, and under *Procunier*, the interest of prisoners and their correspondents in uncensored communication by letter is plainly a liberty interest. *Id.* at 676 (citation omitted). Next, the amount of process due "is determined by balancing the specific interest affected, the likelihood the challenged action would result in an erroneous deprivation of that right, and the burden of providing additional procedures, including administrative costs and burdens." *Id.* (citations omitted). The Court noted that the reasoning of *Procunier* applied to all forms of correspondence addressed to an inmate, and that "whenever prison officials restrict that right by rejecting the communication, they must provide minimum procedural safeguards, which include notice to an inmate that the correspondence was rejected." *Id.* at 676-77 (citing *Procunier*, 416 U.S. at 417).

The Court rejected defendant Outlaw's arguments that the reasoning of *Procunier* applied only to letters, and his argument that his decision to not give notice was authorized by regulation. In so doing, the Court noted that the constitutionality of his conduct was governed by case law, and that "the case law is clear that an inmate has a right to procedural due process – including

4

notice – whenever any form of correspondence addressed to that inmate is rejected." *Id.* at 678. The Court concluded that the plaintiff had alleged the violation of a clearly established right, and that Outlaw was not entitled to qualified immunity. *Id.* at 680.

In support of their motion to dismiss, defendants argue that *Procunier* applies only to outgoing mail, and that the letter from the St. Louis City Circuit Court was not "legal mail" entitled to enhanced constitutional protection. In response, plaintiff contends that *Procunier* and *Bonner* applies to any form of correspondence addressed to an inmate. Plaintiff is correct. The *Bonner* Court clearly held that the procedural due process requirements of *Procunier* apply when any form of correspondence addressed to the inmate is rejected. Defendants next argue that in *Procunier* and *Bonner*, the correspondence at issue was rejected based on an "individualized content-specific censorship decision." (ECF No. 29 at 7). However, *Bonner* addressed a situation in which correspondence was rejected because it did not comply with prison regulations governing the receipt of packages.

Defendants next contend that inmates are not entitled to due process when "mail does not include their correct mailing address." *Id.* at 8. They cite four foreign cases in support. In response, plaintiff argues he is the only "Derrick Cobb" housed at Southeast Correctional Center, and the mailroom staff could have easily checked the offender roster to confirm his housing unit and cell. Plaintiff contends that is done in other instances when mail arrives without an inmate number.

The cases defendants cite are neither precedential nor compelling. The decision *Matthews v. Washington Dept. of Corrections,* 2016 WL 1426308 (W.D. Wash. Feb. 11, 2016) was a report and recommendation in which the plaintiff was given leave to file an amended complaint to correct deficiencies in the original. The district court adopted that portion of the report and

recommendation and rejected another portion, and the case was later dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure when the plaintiff failed to file an amended complaint. *Jeffries v. Snake River Corrections-Oregon* concerned an inmate's First Amendment rights with respect to receiving packages, not his due process right to notice when they were rejected. 2008 WL 3200802 (D. Oregon Aug. 4, 2008). The decisions in *Starr v. Knierman*, 474 F. App'x 785 (1st Cir. 2012) and *Sikorski v. Whorton,* 631 F. Supp. 2d 1327 (D. Nev. 2009) noted that under the prison's policies and regulations, the senders received written notice explaining why the mail to the inmate was rejected, providing them the chance to remedy any deficiencies. As plaintiff asserts, that did not occur in the case at bar.

Defendants also contend, citing *Jeffries,* that a prison's practice of returning mail without notice to the recipient is identical to the United States Postal Service's practice of not providing notice to recipients when mail is returned. Defendants argue that requiring otherwise would give inmates rights not enjoyed by members of the public. However, *Procunier* and *Bonner* clearly hold that inmates have the right to procedural due process, including notice, when any form of correspondence addressed to them is rejected. *Bonner,* 552 F.3d at 678. Defendants also contend that requiring corrections staff to identify the intended recipient with an incomplete mailing address would be difficult if not impossible. Here, as plaintiff asserts, the letter in question bore his name and was sent to him at the institution where he resided. The Court cannot say, as a matter of law, that the letter cannot be characterized as correspondence addressed to plaintiff, or that it would have been difficult or impossible for defendants to locate him using the information on the envelope.

Defendants also contend that because plaintiff ultimately learned the letter had been rejected, due process requirements were satisfied. Citing *Nunley v. Department of Justice*, 425

F.3d 1132, 1139 (8th Cir. 2005), defendants argue that "[a] person cannot complain about the constitutionality of the method used to provide notice when they have received actual notice, because this alone does not establish that the person suffered any harm." (ECF No. 29 at 10). Defendants also contend that because this Court previously determined that plaintiff did not suffer the harm necessary to state an access-to-courts claim, this Court should also conclude that plaintiff has failed to allege he suffered harm due to the lack of notice.

Both arguments fail. The analysis of whether a plaintiff has suffered the "actual injury" required to state an access-to-courts claim is different from the analysis of the issue at bar. Additionally, *Nunley* provides no basis to conclude that a constitutional violation did not occur. In *Nunley,* the Eighth Circuit noted that "a person cannot complain about the constitutionality of the method used to provide notice when he or she has received actual notice (assuming it is timely), for he or she has suffered no harm." 425 F.3d at 1139 (parenthetical in original, internal citation omitted). Here, taking plaintiff's allegations as true, the Court cannot assume that the notice plaintiff ultimately received from the Circuit Court was timely, and plaintiff is entitled to present evidence in support of his claim he suffered harm from the delay. *See Bonner*, 552 F.3d at 679 (declining to apply *Nunley* and determining that the issue of whether the plaintiff suffered harm due to the delay in notice is an issue of fact). Finally, defendants argue they are entitled to qualified immunity, and that plaintiff may not recover monetary or non-injunctive relief against them in their official capacities. As plaintiff argues, defendants' qualified immunity argument is similar to the one rejected in *Bonner,* and will be rejected here, as plaintiff has sufficiently alleged the violation of a clearly established right. Finally, the Court has already determined that plaintiff may not recover anything other than prospective injunctive relief against the defendants

7

in their official capacities. Defendant's motion to dismiss the amended complaint will be denied, and the defendants will be required to answer the amended complaint.

**Plaintiff's Motions**

On January 10, 2020, plaintiff filed a motion for partial summary judgment, asking the Court to "grant him summary judgment as to the liability of Defendant's Donna Wigfall, Omer Clark and Cindy Griffith for the denial to the Plaintiff of due process of law resulting from the rejection of his mail without providing him notification as required under Procunier v. Martinez, 416 U.S. 396 (1974)." (ECF No. 34 at 1). In response, defendants argue the motion should be denied as premature or continued because they should not be required to respond to plaintiff's statements of material facts before they have been obliged to admit or deny the similar allegations in the amended complaint. Defendants' response is well taken, and plaintiff's motion for summary judgment will be denied without prejudice as premature. Plaintiff is advised that this denial is not a determination of the merits of the motion. Nothing in this Memorandum and Order shall be construed as prohibiting plaintiff from re-filing the motion for summary judgment according to the schedule the Court will set if and when it enters a Case Management Order.

Plaintiff has also filed another motion to appoint counsel. (ECF No. 41). The Court has considered the factors set forth in *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998), and will deny this motion without prejudice. It does not appear this case is factually or legally complex, nor does it appear that plaintiff will be unable to investigate the facts or clearly present his claims. Moreover, as with plaintiff's earlier motions to appoint counsel, the motion is premature, as the defendants have yet to answer the amended complaint and discovery has not begun.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 28) is **DENIED.**

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the date of this Memorandum and Order, defendants shall answer the amended complaint.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Partial Summary Judgment (ECF No. 34) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel (ECF No. 41) is **DENIED** without prejudice.

Dated this 1st day of April, 2020.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE