**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| **DERRICK COBB,** )  )   **Plaintiff,** )  ) v. )  ) **TRACY MADLOCK, et al.,** )  ) **Defendant.** ) | Case No. 1:19-CV-61-SNLJ |

## MEMORANDUM AND ORDER

Plaintiff Derrick Cobb, pro se, filed this action under 42 U.S.C. § 1983, alleging that defendants Donna Wigfall, Omar Clark, and Cindy Griffiths denied him due process in violation of his constitutional rights regarding the handling of his mail. This matter is before the Court on plaintiff's motion to compel [#61]. Defendants did not initially respond to the motion, so this Court ordered that they file a response. Defendants have done so, and plaintiff did not file a reply. Plaintiff has also moved for an extension of the discovery deadline [#71], but defendants did not respond.

### I.   Motion to Compel [#61]

Plaintiff moves to compel answers to interrogatories and production of documents.

As a threshold matter, the Court notes that plaintiff failed to comply with Federal Rule of Civil Procedure 37(a)(1) and Local Rule 3.04(A). Those rules require that plaintiff's motion include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "[T]he Court will not

consider any motion relating to discovery and disclosure unless the motion contains such a certification." *Paige v. Murray*, No. 1:12-CV-40 SNLJ, 2013 WL 1342979, at *1 (E.D. Mo. Apr. 3, 2013).

The motion should also fail on the merits for the reasons stated in defendants' response.  However, defendants' response—which had to be ordered by this Court—did not completely respond to this Court's order.  The order stated

> The defendants shall include, in addition to addressing the points raised above, whether the parties need more time for discovery and for defendants' investigations and whether they believe plaintiff requires appointment of counsel in light of their withheld disclosures.

[#62 at 5.]

The motion to compel will be denied, but defendants shall respond in accordance with the above-quoted language.

## II.     Motion to Extend Time for Discovery

Despite the Court's order requiring defendants to explain whether more time is needed for discovery [#62], defendants did not respond to that requirement, nor did they respond to plaintiff's motion to extend the time for discovery.  Defendants have a motion for summary judgment pending, and this Court granted plaintiff until November 27, 2020 by which to respond. In light of the pending discovery questions, though, this Court will grant the motion to extend the time for discovery and also lengthen the time by which plaintiff must respond to summary judgment.

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [#61] is DENIED.

2

**IT IS FURTHER ORDERED** that defendants shall advise the Court no later than December 2, 2020 regarding (1) whether the parties need more time for discovery and for defendants' investigations and (2) whether defendants believe plaintiff requires appointment of counsel in light of their withheld disclosures, and, if not, why not.

**IT IS FINALLY ORDERED** that plaintiff's motion for extension of the discovery deadline [#71] is GRANTED, and the discovery deadline and the deadline for plaintiff's response to defendants' motion for summary judgment shall be extended until a date set forth by this Court following defendants' response to this Order.

Dated this   18th   day of November, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE