**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| **DERRICK COBB,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:19-CV-61-SNLJ |
| ) | |
| **TRACY MADLOCK, et al.,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM AND ORDER**

Plaintiff Derrick Cobb, pro se, filed this action under 42 U.S.C. § 1983, alleging that defendants Donna Wigfall, Omar Clark, and Cindy Griffiths denied him due process in violation of his constitutional rights regarding the handling of his mail. This matter is before the Court on cross motions for summary judgment [#65, #68].

**I.     Factual Background**

The facts underlying this matter are largely undisputed. At the relevant time, plaintiff was incarcerated for crimes for which he sought post-conviction review. Unfortunately for plaintiff, though, he sought review approximately three years too late, and his petition for relief was rejected. The St. Louis City Circuit Court sent plaintiff the rejection around July 9, 2018, but the mail was returned to the court as undeliverable because, apparently, the court had not included on the envelope plaintiff's Department of Corrections ("DOC") number, housing unit, and cell assignment. Plaintiff inquired with the St. Louis court regarding the status of his case in August 2018 and was informed that

the prison had returned the court's mail.[1]  The prison mailroom had received the letter and returned it to the circuit court, writing "RTS" for "return to sender."  Plaintiff complains that defendants failed to notify him about the rejection of his legal mail.  Plaintiff filed the instant complaint, claiming that the prison had violated plaintiff's procedural due process rights when it failed to inform him that the mail from the court had been rejected.  Plaintiff also filed grievances within the prison system, and he argues that the denial of his grievances violated his due process rights.  Plaintiff suggested that, because he was not notified of his returned mail, he was unable to pursue his post-conviction relief further.  However, plaintiff was allowed to file a late appeal to the Missouri Court of Appeals.  The Court of Appeals affirmed the circuit court's dismissal of plaintiff's post-conviction relief petition.

Both plaintiff and defendants have filed motions for summary judgment.

## II.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-*

---

[1] This Court notes that defendants' motion for summary judgment and memorandum in support never explain the basis for plaintiff's claim here, which is that the state court's mail was returned to that court without anyone at the prison telling plaintiff he'd received mail that was returned-to-sender.  Defendants also appear to misconstrue this Court's earlier order [#45], which stated that "the Court has already determined that plaintiff may not recover anything other than prospective injunctive relief against the defendants in their official capacities." [#45 at 7-8]. Defendants appear to believe that only injunctive relief is thus available to plaintiff, but plaintiff also has individual-capacity claims against defendants.

*op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

**III.    Discussion**

In *Procunier v. Martinez*, the Supreme Court held "[t]he interest of prisoners and their correspondents in uncensored communication by letter, grounded as it is in the First Amendment, is plainly a 'liberty' interest within the meaning of the Fourteenth Amendment even though qualified of necessity by the circumstance of imprisonment." 416 U.S. 396, 417 (1974), overruled on other grounds, *Thornburgh v. Abbott*, 490 U.S. 401 (1989). Therefore, "the decision to censor or withhold delivery of a particular letter must be accompanied by minimum procedural safeguards." *Id*. The Court approved a requirement that an inmate be notified of the rejection, and have a reasonable opportunity

3

to protest the decision. *Id.*; *see also Bonner v. Outlaw*, 552 F.3d 673 (8th Cir. 2009) (citing *Procunier*, 416 U.S. 396). The Eighth Circuit has stated that "the case law is clear that an inmate has a right to procedural due process - including notice - whenever any form of correspondence addressed to that inmate is rejected." *Bonner*, 552 at 678.

However, "a person cannot complain about the constitutionality of the method used to provide notice when he or she has received actual notice (assuming it is timely), for he or she has suffered no harm." *Nunley v. Dep't of Justice*, 425 F.3d 1132, 1139 (8th Cir. 2005). Here, defendants argue that they are entitled to summary judgment because plaintiff received actual and timely notice of the rejected mail and that there was no harm to plaintiff. Indeed, plaintiff discovered that his mail had been returned in August (just a month after the mail was rejected). Plaintiff thus certainly received actual notice. Plaintiff also suffered no harm from the rejection of the mail for two reasons. First, plaintiff was permitted to file an appeal of the circuit court decisions late. Second, plaintiff's post-conviction relief petition was doomed from the start because it had been filed years after the deadline. Finally, plaintiff's complaints about the grievance procedures do not establish a due process violation. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (prison grievance procedures confer no substantive rights); *see also Hodgson v. Fabian*, 378 Fed. Appx. 592, 594 (8th Cir. 2010) (*citing id.*).

4

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment [#68] is DENIED.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment [#65] is GRANTED.

Dated this __18th__ day of May, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE